**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge
(Successor Judge Docket)

**Dated: September 18 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 12-34595 |
| | ) | |
| Darlene Louise Gottfried | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 13-3051 |
| | ) | |
| United States Trustee, | ) | SUCCESSOR JUDGE |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Charles Proby | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on a document filed in this case by the Defendant, entitled "Summary Judgment." [Doc. # 18]. No response thereto has been filed in this proceeding. Having reviewed the document filed by the Defendant, the court finds, as set forth herein, that the entry of summary judgment is not appropriate.

## FACTUAL BACKGROUND

On October 10, 2012, the Debtor, Darlene L. Gottfried ("Debtor"), filed a voluntary petition under chapter 7 of the United States Bankruptcy Code. In seeking bankruptcy relief, the Debtor did not retain the services of legal counsel. Instead, to assist her in filing for bankruptcy relief, the Debtor retained the services of the Defendant, Charles Proby ("Defendant"), who acted in the capacity of a bankruptcy petition preparer as that term is defined in 11 U.S.C. § 110(a)(1).[1]

As compensation for his services as a bankruptcy petition preparer, the Defendant disclosed that he had agreed to accept $125.00 to prepare the Debtor's petition and that prior to filing, he had received said compensation. An additional $425.00 was also paid by the Debtor to the Defendant. The payment of these additional funds, however, was not initially disclosed by the Defendant, with it being the position of the Defendant that such funds were paid by the Debtor as compensation for other services rendered by the Defendant.

On April 4, 2013, the Plaintiff, the United States Trustee ("Plaintiff"), commenced this proceeding, filing a complaint for Injunctive Relief and the Imposition of Fines for Violations of 11 U.S.C. § 110. In its Complaint, the Plaintiff brought three claims, seeking under each claim this respective relief: (1) order the Defendant to disgorge fees in the amount of $600.00 to the Debtor; (2) order the Defendant to pay fines in the amount of $2,000.00 to the Debtor; and (3) enter an order enjoining the Defendant from acting as a bankruptcy petition preparer in the Northern District of Ohio. In response, the Defendant filed the document now before the court, entitled "Summary Judgment." Contemporaneous therewith, the Defendant also filed an Answer to the Plaintiff's complaint as well as a counterclaim against the Plaintiff. [Doc. # 19].

## LAW AND ANALYSIS

The court construes the document filed by the Defendant, entitled "Summary Judgment," as a Motion for Summary Judgment. Motions for Summary Judgment are governed by Rule 56 of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure

---

[1] A bankruptcy petition preparer is defined as a "person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing[.]" 11 U.S.C. § 110(a)(1).

7056. Under F.R.Civ.P. Rule 56(a), it is first provided that a "party may move for summary judgment, identifying each claim or defense– or the part of each claim or defense–on which summary judgment is sought."

In this matter, the Defendant's motion for summary judgment cannot be said to properly identify the claims for which summary judgment is sought. To properly identify a claim, a party's motion for summary judgment must provide some level of specificity. *See In re Dwek*, Slip Copy, 2012 WL 6011625 (Bankr. D.N.J. 2012). No such specificity, however, exists in this case.

Rather, the Motion filed by the Defendant provides only:

> I request the Court to issue a Summary Judgment in the debtors favor the reimbursement of $600. Moreover I shall not act as a bankruptcy petition preparer in the Northern District of Ohio. In the above captioned case pursuant to Fed Rule 7(a), (b).

[Doc. # 18] (verbatim from original). Even if this court were to ignore the lack of specificity, further deficiencies exist with respect to the Defendant's Motion for Summary Judgment.

First, at most, the above statements made by the Defendant can only be construed so as to address two of the claims for relief brought by the Plaintiff – namely, the disgorgement of fees and the enjoinment of the Defendant as a bankruptcy petition preparer. It does not address the Plaintiff's claim to impose a fine on the Defendant for the sum of $2,000.00. Thus, summary judgment could not be entered on the Plaintiff's entire complaint.

Second, on the issue of the disgorgement of fees, the Defendant seeks summary judgment on behalf of the Debtor, not himself. However, not only does the Defendant not have any standing to seek relief for the Debtor, such relief may not be in the Debtor's best interest as the Debtor is the intended beneficiary of any fees which would be disgorged.

In any event, under F.R.Civ.P. 56, summary judgment can only be entered if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Neither of the two statements made by the Defendant meet this standard.

3

To begin with, the Defendant's naked statement, moving for summary judgment on the issue of the $600.00 fee, could be construed in one of two ways. First, the Defendant could be asserting that the Plaintiff has no basis in law to seek the disgorgement of the fees. However, if this is the assertion, the Defendant has not called the court's attention as to why he is entitled to judgment as a matter of law on this claim.

To the contrary, 11 U.S.C. § 110(h)(3)(B) specifically provides that "[a]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g)." In addition, because the maximum fee allowed for a bankruptcy petition preparer in this judicial district is $125.00,[2] the court, as alleged by the Plaintiff, may order the Defendant to return any excess compensation he received. 11 U.S.C. § 110(h)(3)(A)(ii). Thus, inapposite to the Defendant's position, there exists legal grounds, albeit yet to proven, for the claim brought by the Plaintiff regarding the disgorgement of fees. Also, the defense, as alleged by the Defendant, that he performed other non- bankruptcy services for his fee, is a material fact which is in dispute

Second, the Defendant's statement, regarding the $600.00 fee, could be construed as an assertion that the fee has already been returned to the Debtor. To the extent, however, this is the Defendant's assertion, the assertion does not have evidentiary support. Thus, any issue concerning the return of the $600.00 fee, which is a material fact, cannot be said to be undisputed. In this regard, F.R.Civ. P. 56(c) sets forth that a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"

Likewise, the second statement made by the Defendant, concerning his acquiesce to no longer acting as a bankruptcy petition preparer in this district, does not meet the standard to qualify for the entry of summary judgment. In this regard, this statement does not actually seek judgment, but would rather appear to be consenting to the entry of a judgment against him. To the extent this is true, however, the matter of a consent judgment entry is not before the court.

---

[2] L.B.R. 2016-2(a). "The presumptive maximum allowable fee chargeable by a bankruptcy petition preparer in any case is $125.00."

4

In reviewing a motion for summary judgment, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). Moreover, the failure of a party to respond to a summary judgment motion does not entitle the movant to a judgment in their favor. *Miller v. Shore Financial Services, Inc.*, 141 Fed.Appx. 417 (6th Cir. 2005). Instead, when a non-moving party fails to respond, the "court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Id. citing Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir.1998).

Having examined his Motion for Summary Judgment, the court, for the reasons explained, cannot find any basis in law or fact to render judgment in the Defendant's favor against any of the claims for relief brought by the Plaintiff. Accordingly, this matter will proceed according to the terms of the prior "Adversary Proceeding Scheduling Order" entered by the court on September 16, 2013. [Doc. # 26].

It is therefore

**ORDERED** that Motion for Summary Judgment filed by the Defendant, Charles Proby [Doc. # 18], is hereby **DENIED.**

###