**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge
(Successor Judge Docket)

**Dated: April 18 2014**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 12-34595 |
| | ) | |
| Darlene L. Gottfried, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 13-3051 |
| | ) | |
| Daniel M. McDermott, | ) | Successor Judge |
| United States Trustee for Region 9, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Charles Proby, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION

This adversary proceeding is before the court for decision after trial on the Complaint for Injunctive Relief and Imposition of Fines for Violations of 11 U.S.C. §110 ("Complaint") filed by Plaintiff, the United States Trustee for Region 9 ("Plaintiff"). In his Complaint, Plaintiff alleges three claims brought under § 110, seeking the following relief: (1) an order disgorging fees in the amount of $600.00 paid by Debtor in the underlying Chapter 7 case to Defendant, (2) an order requiring Defendant to pay a fine in the amount of $2,000.00 to Debtor, and (3) an order enjoining Defendant from acting as a bankruptcy petition preparer in the Northern District of Ohio and in every jurisdiction in the United States.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b)

as a civil proceeding arising in or related to a case under Title 11.  This proceeding has been referred to this court by the district court under its general order of reference.  28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio.  This is a core proceedings that the court may hear and decide.  28 U.S.C. § 157(b)(1) and (b)(2)(A).

This memorandum of decision constitutes the court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7052. Regardless of whether specifically referred to in this Memorandum of Decision, the court has examined the submitted materials, weighed the credibility of the witnesses, considered all of the evidence, and reviewed the entire record of the case.  Based upon that review, and for the reasons discussed below, the court will enter judgment disgorging $475.00 of the fee paid to Defendant, imposing a $2,000.00 fine, and enjoining Defendant from acting as a bankruptcy petition preparer in the Northern District of Ohio.

## FINDINGS OF FACT

Darlene Gottfried ("Gottfried") is the debtor in the underlying Chapter 7 case.  She retained the services of Defendant Charles Proby, who was referred to her by a friend, to assist her in preparing a bankruptcy petition after she had experienced a leg amputation and a long hospitalization resulting in many medical bills.  Defendant is not an attorney.

Defendant met with Gottfried on two occasions.  Gottfried testified that, at their first meeting in mid-July 2012 at her home, Defendant told her his fee would be $600.00.  After Gottfried told Defendant that she did not have $600.00 to pay him, he agreed to accept his fee in installment payments.  At that time, she gave him a check post-dated for August 1, 2012, in the amount of $300. [*See* Pl. Ex. 4].  Gottfried testified that Defendant told her he was moving to Arizona and that she agreed to pay him $100.00 on September 1, 2012, and $200.00 on October 1, 2012. It is undisputed that, before Defendant left for Arizona, he visited Gottfried's home a second time and picked up both of those checks, post-dated for September 1 and October 1, 2012. [*See id.*].  At that time, he informed Gottfried that he would send her "the paperwork" and that she would then have to take it to the bankruptcy court to file.

Defendant received the bankruptcy petition, schedules and related documents from Defendant on September 29, 2012.  She filed her bankruptcy petition *pro se* on October 10, 2012.  Filed with her petition is the Disclosure of Compensation of Bankruptcy Petition Preparer ("Disclosure of Compensation") prepared by Defendant and signed by him on August 14, 2012, which discloses that he agreed to accept, and had received, $125.00 for document preparation services.   According to Defendant, he accepted only $125.00 as petition preparation fees, with the balance of the $600.00 paid by Gottfried being for services

2

related to preparation of a will, a health care power of attorney, and a "disability form." However, Gottfried credibly testified that she retained Defendant only for the purpose of assisting her in filing her bankruptcy petition and that she received no other documents from him.

Also filed with Gottfried's petition is a Declaration and Signature of Non-Attorney Bankruptcy Petition Preparer ("Petition Preparer Declaration") signed by Defendant, stating that he had given Gottfried notice of the maximum fee for services chargeable by a bankruptcy petition preparer before preparing any document for filing for her or accepting any fee from her. [Pl. Ex. 2, p. 55/59]. However, the court credits Gottfried's testimony that no such notice was given and that she was told that Defendant's fee to assist her in filing bankruptcy was $600.00.

The court takes judicial notice of two bankruptcy cases in the Northern District of Ohio in which Defendant was found to have violated provisions of 11 U.S.C. § 110, which governs the conduct of bankruptcy petition preparers. *See* Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2). In *In re Amstutz*, 427 B.R. 636 (Bankr. N.D. Ohio 2010), Defendant's Disclosure of Compensation indicated that he had received $125 for his services in preparing the debtor's petition, when in fact he had received a total of $455, in violation of § 110(h). *Id.* at 642. In addition, the court found that he had impermissibly offered legal advice to the debtor, in violation of § 110(e)(2). *Id.* Defendant was ordered to disgorge all of his fee. *Id.* at 643. In an Agreed Order entered in *McDermott v. Proby (In re Kelley)*, Adv. Case No. 10-3411 (Bankr. N.D. Ohio April 12, 2012), Defendant was ordered to refrain from using the term "paralegal" in advertisements in violation of § 110(f). [Adv. Case No. 10-3411, Doc. # 13].

## LAW AND ANALYSIS

In the Complaint, Plaintiff alleges violations of 11 U.S.C. § 110(h) by Defendant in connection with the preparation of documents relating to Gottfried's bankruptcy. As stated above, §110 governs the conduct of bankruptcy petition preparers. "Bankruptcy petition preparer" is defined as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" by a debtor in connection with a case under the Bankruptcy Code. 11 U.S.C. § 110(a)(1). In turn "document for filing" is defined as "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court...in connection with a case under this title." 11 U.S.C. § 110(a)(2). Defendant having prepared Gottfried's petition and related documents for her to file in her case in this court under Chapter 7 of Title 11, the United States Bankruptcy Code, he is a bankruptcy petition preparer under this definition.

Under § 110(h), a bankruptcy petition preparer is required to disclose in a declaration filed together

3

with the petition "any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case. . . ." 11 U.S.C. § 110(h)(2). The Disclosure of Compensation filed in this case reports that Defendant agreed to accept, and had received, only $125.00 for document preparation services rendered by him. However, as stated above, the court credits Gottfried's testimony that Defendant charged, and she paid, $600.00 for his document preparation services in connection with her bankruptcy case and that no other services were provided by him. On August 14, 2012, the date the Disclosure of Compensation was signed by Defendant, he had already received $300.00 from Gottfried and had agreed to, and did, accept additional payments of $100.00 effective on September 1, 2012, and $200.00 effective on October 1, 2012. The court finds that Defendant violated § 110(h)(2) by not properly disclosing the total fee Gottfried paid him as a petition preparer and by falsely certifying that he had given Gottfried notice of the presumptive maximum fee allowed in this district as required by § 110(h)(1).

A bankruptcy petition preparer who violates the provisions of § 110 may be subject to sanctions that include disgorgement of fees under § 110(h)(3), imposition of a fine under § 110(i)(1), and entry of injunctive relief under § 110(h)(2)(B) as sought by Plaintiff.

Section 110(h)(3) provides:

(A) The court shall disallow and order the immediate turnover to the bankruptcy trustee any fee referred to in paragraph (2)--

> (i) found to be in excess of the value of any services rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the date of the filing of the petition; or
>
> (ii) found to be in violation of any rule or guideline promulgated or prescribed under paragraph (1).

(B) All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g).

11 U.S.C. § 110(h)(3).

As explained in *In re Amstutz*, 427 B.R. 636 (Bankr. N.D. Ohio 2010), this provision is two-fold. *Id.* at 642. Under § 110(h)(3)(A), the court *must* order disgorgement of all fees found to be excessive. Under § 110(h)(3)(B), the court *may* order disgorgement of all fees, even those not found to be excessive, when bankruptcy petition preparer fails to comply with certain subsections of § 110, violations of which have not been asserted by Plaintiff in this case. Thus, although Plaintiff seeks disgorgement of the entire $600.00 paid to Defendant, only that portion of the fee paid to him that is in excess of the value of services

rendered by him will be disgorged.

Under Local Bankruptcy Rule 2016-2, the presumptive value of services rendered by a bankruptcy petition preparer in any case in the Northern District of Ohio is $125.00. LBR 2016-2(a). However, a bankruptcy petition preparer may seek a determination that the value of services rendered in a particular case exceeds $125.00 by filing a motion with the court within fourteen days after the date of the filing of a petition. LBR 2016-2(c).

Defendant did not file a motion under Local Bankruptcy Rule 2016-2(c) in Gottfried's bankruptcy case. And although he testified that fees paid by Gottfried in excess of $125.00 were for the preparation of documents unrelated to her bankruptcy case, namely a will, health care power of attorney and a disability document, Gottfried never requested nor received any such documents. Moreover, preparation of a will and power of attorney by Defendant, who is not an attorney, is forbidden as it constitutes the unauthorized practice of law in Ohio. *Dayton Bar Ass'n v. Addison,* 107 Ohio St. 3d 153, 155 (2005). Because no motion was filed by Defendant and because the court finds no unusual circumstances justifying the additional $475.00 charged by him over and above the $125.00 presumptive maximum allowable fee chargeable by a bankruptcy petition preparer, it will order Defendant to reimburse $475.00 to Gottfried.

Plaintiff also asks the court to impose a fine in the amount of $2,000.00. Section 110(i)(1) provides in relevant part that, if a bankruptcy petition preparer violates § 110, on request of the United States Trustee, "the court shall order the bankruptcy petition preparer to pay to the debtor . . . the greater of (i) $2,000.00 or (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services. . . . ." 11 U.S.C. § 110(i)(1)(B). The court already having found that Defendant violated § 110(h)(2), and twice the amount paid by Gottfried being only $1,200.00, the court will order Defendant to pay to Gottfried the greater amount of $2,000.00 as a fine in accordance with § 110(i)(1).

Finally, Plaintiff seeks an order enjoining Defendant from acting as a bankruptcy petition preparer not only in the Northern District of Ohio but in every jurisdiction in the United States. Under § 110(j)(2), if the court finds that a bankruptcy petition preparer has continually engaged in conduct in violation of § 110 and "that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, . . . the court may enjoin the person from acting as a bankruptcy petition preparer." 11 U.S.C. § 110(j)(2)(B).

In this case, Defendant has repeatedly engaged in conduct that violates § 110. Such conduct includes failing to disclose the actual fee received by him for his document preparation services in violation of § 110(h)(2) in this case and in *In re Amstutz*, offering legal advice to the debtor in *In re Amstutz* in violation

5

13-03051-maw    Doc 38    FILED 04/18/14    ENTERED 04/18/14 17:24:06    Page 5 of 6

of § 110(e)(2), and advertising under a category that used the word "legal" in *McDermott v. Proby (In re Kelley)* in violation of § 110(f). *See In re Amstutz*, 427 B.R. 636 (Bankr. N.D. Ohio 2010); *McDermott v. Proby (In re Kelley)*, Adv. Case No. 10-3411 (Bankr. N.D. Ohio April 12, 2012). In *In re Amstutz*, the court declined to assess a fine against Defendant under § 110(l)(1) because the judge "found Mr. Proby to be sincere when he testified that, having learned from his mistakes, he would abide by the requirements of this court and those requirements imposed upon him by § 110." 427 B.R. at 642-43. As evidenced by the court's finding that Defendant violated § 110(h)(2) again in this case, the lessons learned by Defendant in connection with *In re Amstutz* were short-lived. Given Defendant's repeated failure to comply with, and his inattention to, the provisions of § 110, the court finds that an injunction prohibiting specific conduct would not be sufficient to prevent his interference with the proper administration of Title 11. However, the court finds that Defendant's conduct does not support the broad injunction sought by Plaintiff. Defendant's violations of § 110 as shown on the instant record have been limited to cases filed in the Northern District of Ohio. The court therefore finds that an injunction limited to the Northern District of Ohio is all that the record in this case, including the cases of which the court takes judicial notice, supports.

## CONCLUSION

Plaintiff having met his burden of proving Defendant's violation of 11 U.S.C. § 110(h), and for all of the foregoing reasons, the court will order Defendant to repay Gottfried $475.00 of the total fee paid to him pursuant to § 110(h)(3) and to pay Gottfried $2,000.00 as a fine pursuant to § 110(i)(1)(B). In addition, the court will permanently enjoin Defendant from acting as a bankruptcy petition preparer in the Northern District of Ohio pursuant to § 110(j)(2)(B). The court will enter a separate judgment in accordance with this Memorandum of Decision.

###